# EXHIBIT A



**STATE OF RHODE ISLAND**

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
|---|---|
| | WC-2020-0428 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>MRS BPO, L.L.C.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI 02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>Cogency Global Inc<br>222 Jefferson Blvd<br>Warwick RI 02888 |

**TO THE DEFENDANT, Mrs Bpo, L.L.C.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 10/13/2020. | /s/ Danielle Keegan<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

**STATE OF RHODE ISLAND**        **SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**       **C.A. No.:**
*Plaintiff*

**Vs.**

**MRS BPO, L.L.C.,**        **JURY TRIAL REQUESTED**
**&**
**Does 1-10 Inclusive;**
*Defendants*

## COMPLAINT

## I. INTRODUCTION

    This is a civil action seeking remedy for violations under multiple federal and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt collectors for a debt he never owed.  Plaintiff is an identity theft victim and is regularly harassed by companies like MRS BPO, L.L.C. ("MRS") who seek to profit from the misery of consumers who are trapped in the web of identity theft.  Plaintiff was forced to send MRS a certified letter telling MRS not to call Plaintiff because MRS had the wrong number. Plaintiff also asked MRS to validate any debt alleged to be owed and MRS refused to validate any debt.  Plaintiff doesn't owe MRS any money and he doesn't have any account or any business relationship with MRS whatsoever.  MRS has a long history of harassing consumers who don't owe money.  The Better Business Bureau reports 166 consumer complaints about MRS.[1]  MRS has been sued over 373 times in federal court according to Pacer.gov.

---

[1] https://www.bbb.org/us/nj/cherry-hill/profile/collections-agencies/mrs-associates-0221-90025254/complaints; Accessed October 9, 2020.

1.    The Plaintiff brings this action alleging that the Defendants MRS, and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs, and attorney's fees for each Defendant under the FDCPA, TCPA, RIFDCPA, and RIGL § 9-30-2.

2.    The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA").  The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3.    The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.*  The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief under the statute.

4.    Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

5.    This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

6.    This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

7.    This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-13(5).

8.    This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

9.    This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims pursuant to RIGL § 9-30-1.

10.   Venue is proper as the Plaintiff is a resident of this County and the conduct complained of took place in this County.

## III. PARTIES

11.   The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

12.   Plaintiff has never had a business relationship with MRS.

13.   Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

14.   Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

15.   Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

16.   Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

17.   Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

18.   As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

19.   Plaintiff's cellular telephone has a limited minutes plan, so that when MRS calls Plaintiff, it depletes the minutes on Plaintiff's plan.

20.   Upon information and belief, Defendant MRS is a national collection agency headquartered in New Jersey.

3

21. The principal purpose of MRS is the collection of debts using the mails and telephone and other means.

22. MRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

23. MRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. MRS is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

25. MRS operates as a debt collector in the State of Rhode Island, and is registered through the Rhode Island Department of Business Regulations to conduct business in the State of Rhode Island.

26. Upon information and belief, MRS may be served upon its registered agent in the State of Rhode Island, to wit: Cogency Global Inc., 222 Jefferson Blvd, Warwick, RI 02888.

27. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV.  FACTUAL ALLEGATIONS

28. At all times relevant to this Complaint, MRS was engaged in the business of regularly collecting Debts, originally owed to third parties.

29. At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-14.9-3.

30.    Plaintiff does not owe any Defendant any money.

31.    MRS acted at all times mentioned herein through its employee(s).

32.    On April 6, 2020 at approximately 9:43 AM EST, Plaintiff received a call from 401
       400 8701.

33.    When Plaintiff went to answer the call, the caller hung up.

34.    Plaintiff called the number 401 400 8701 back and learned that the caller was MRS
       and Associates.

35.    On April 30, 2020 at approximately 6:12 PM EST, Plaintiff received a call from 401
       400 8701.

36.    When Plaintiff answered the call, he heard a pause for thirteen seconds, and then the
       caller hung up.

37.    Plaintiff subsequently discovered that MRS and Associates is a debt collector that
       also goes by the acronym MRS BPO.

38.    MRS continued to call Plaintiff.

39.    Every time that MRS called Plaintiff, there was no human on the other end of the
       line and MRS would hang up.

40.    On August 19, 2020, Plaintiff sent a certified letter (return receipt requested) to MRS
       at the principal office address listed with the Rhode Island Secretary of State:  MRS
       BPO, LLC, 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

41.    In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing
       address.

42.    In Plaintiff's letter, he clearly stated, "*All calls are inconvenient.  Please don't call me.  You
       have the wrong number.*"

43.   MRS employee "Brian Erazimud" received and signed for Plaintiff's letter on August 31, 2020.

44.   Despite receiving Plaintiff's letter, Defendants continued to call Plaintiff.

45.   Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call during all of these calls.

46.   The further evidence of this automated telephone dialing system is that MRS applied and obtained a permit for MRS' autodialing system with the State of Texas Public Utilities Commission through the State's Automatic Dial Announcing Device Permit Process.  See Exhibit A for Defendant's permit with the State of Texas.

47.   MRS called Plaintiff after MRS knew it had the wrong number.

48.   Upon information and belief, MRS uses the phone number 401 400 8701 to contact consumers such as Plaintiff.

49.   Upon information and belief, MRS uses the phone number 401 256 5465 to contact consumers such as Plaintiff.

50.   Plaintiff does not have an account with MRS.

51.   Plaintiff has no pre-existing business relationship with MRS and never requested by an agreement or otherwise that he be contacted.

52.   In the letter that Plaintiff sent to MRS, Plaintiff disputed any debt, and Plaintiff asked MRS to validate any debt.

53.   MRS never validated any debt to Plaintiff.

54.   Plaintiff never provided his consent to MRS to be contacted on his cellular telephone.

55.   Plaintiff's phone number is part of the national Do Not Call registry.

56.   MRS's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

57.   It is unfair for MRS to continue calling Plaintiff and depleting the minutes in Plaintiff's cell phone plan when Plaintiff told MRS to stop calling him.

58.   Despite a clear and unmistakable request that MRS stop calling Plaintiff, MRS called Plaintiff.

59.   The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

60.   The robocalls were annoying, abusive, and harassing to Plaintiff.

61.   The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

62.   Defendants do not maintain a written policy for maintaining a do-not-call list.

63.   Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

64.   Defendants have subsequently called Plaintiff after Plaintiff notified Defendants they have the wrong number.

65.   Defendants have subsequently called Plaintiff after Plaintiff told Defendants to stop calling Plaintiff.

66.   Plaintiff incurred damages as a result of Defendants' unlawful conduct.

67.   Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

68.   Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

69.   Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

70.   Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

71.   Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

72.   Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

73.   Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

74.   Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

75.   Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

76.   Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

## V.  STATUTORY STRUCTURE RHODE ISLAND FDCPA

77.   The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

78.   Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a

debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  RIGL § 19-14.9-5(1).

79.   Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.  RIGL § 19-14.9-5(2).

80.   Under the RI FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  RIGL § 19-14.9-5(2).

81.   Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  RIGL § 19-14.9-6.

82.   Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.  RIGL § 19-14.9-6(d).

83.   Under the RI FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. RIGL § 19-14.9-7.

84.   Under the RI FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  RIGL § 19-14.9-8.

85.   Under the RI FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

the following information is contained in the initial communication or the consumer

has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will

be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

(e) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

86.    Under the RI FDCPA, if the consumer notifies the debt collector in writing within

the thirty-day period described in subsection (1)(d) that the debt, or any portion

thereof, is disputed, or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification of the debt or a copy of a

judgment, or the name and address of the original creditor, and a copy of such

verification or judgment, or name and address of the original creditor, is mailed to

the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

87. Under the RI FDCPA, the persons engaging in the collection of debts on behalf of another must register by submitting a written application form to the State of Rhode Island.  RIGL § 19-14.9-12.

88. Under the RI FDCPA, any debt collector who fails to comply with the provisions of the RI FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-14.9-13.

## VI.  STATUTORY STRUCTURE FDCPA

89. The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to eliminate abusive debt collection practices by debt collectors.  15 U.S.C.§ 1692.

90. Under the FDCPA, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  15 U.S.C. § 1692c(a)(1).

91. Under the FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.  15 U.S.C. § 1692c(b).

92. Under the FDCPA, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  15 U.S.C. §

11

1692c(c).

93.     Under the FDCPA, a debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with

the collection of a debt.  15 U.S.C. § 1692d.

94.     Under the FDCPA, a debt collector may not cause a telephone to ring or engage any

person in telephone conversation repeatedly or continuously with intent to annoy,

abuse, or harass any person at the called number.  15 U.S.C. § 1692d(5).

95.     Under the FDCPA, a debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt.  15 U.S.C. §

1692e.

96.     Under the FDCPA, a debt collector may not use unfair or unconscionable means to

collect or attempt to collect any debt.  15 U.S.C. § 1692f.

97.     Under the FDCPA, within five days after the initial communication with a consumer

in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has

paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the
> notice, disputes the validity of the debt, or any portion thereof, the debt will
> be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is disputed,
> the debt collector will obtain verification of the debt or a copy of a judgment
> against the consumer and a copy of such verification or judgment will be
> mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day
> period, the debt collector will provide the consumer with the name and
> address of the original creditor, if different from the current creditor.
> 15 U.S.C. § 1692g(a).

98.   Under the FDCPA, if the consumer notifies the debt collector in writing within the

thirty-day period described in subsection (a) that the debt, or any portion thereof, is

disputed, or that the consumer requests the name and address of the original creditor,

the debt collector shall cease collection of the debt, or any disputed portion thereof,

until the debt collector obtains verification of the debt or a copy of a judgment, or the

name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by

the debt collector. Collection activities and communications that do not otherwise

violate this subchapter may continue during the 30-day period referred to in

subsection (a) unless the consumer has notified the debt collector in writing that the

debt, or any portion of the debt, is disputed or that the consumer requests the name

and address of the original creditor. Any collection activities and communication

during the 30-day period may not overshadow or be inconsistent with the disclosure

of the consumer's right to dispute the debt or request the name and address of the

original creditor.

15 U.S.C. § 1692g(b).

99.   Under the FDCPA, any debt collector who fails to comply with the provisions of the

FDCPA is liable for any actual damages sustained; statutory damages up to $1,000;

attorneys' fees and costs of this action. 15 U.S.C. § 1692k.

## VII.  STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

100.  The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful

the "unfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce."  RIGL § 6-13.1-2.

13

101.   Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

102.   Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island.  RIGL § 6-13.1-1 (5).

103.   Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

104.   The Rhode Island Deceptive Trade Practices Act does not define consumer.  RIGL § 6-13.1-1.

105.   The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers.  RIGL § 6-13.1-5.2.

106.   The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship.  RIGL § 6-13.1-5.2.

107.   Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a

result of the use or employment by another person of a method, act, or practice

declared unlawful by § 6-13.1-2, may bring an action under the rules of civil

procedure in the superior court of the county in which the seller or lessor resides; is

found; has his or her principal place of business or is doing business; or in the

superior court of the county as is otherwise provided by law, to recover actual

damages or two hundred dollars ($200), whichever is greater. The court may, in its

discretion, award punitive damages and may provide other equitable relief that it

deems necessary or proper..  RIGL § 6-13.1-5.2(a).

### VIII.  STATUTORY STRUCTURE RIGHT TO PRIVACY

108.    Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state

shall have a right to privacy which shall be defined to include, *inter alia*, the right to

be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I - Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(3)

109.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

110.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

111.    Defendants' violations of the TCPA include, but are not limited to, the following:

    a.    Making and/or initiating a telephone call using an automatic telephone

dialing system or an artificial or prerecorded voice to any telephone number

assigned to a cellular telephone service, in violation of 47 U.S.C. §

227(b)(1)(A)(iii).

    b.    47 CFR § 64.1200(a)(1)(iii)

112.  As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
an award of statutory damages of $500.00 for each such violation and an injunction
prohibiting future conduct in violation of the TCPA.

113.  Since Defendants' violations were committed willfully and knowingly, Plaintiff
requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
each such violation.


**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT II - Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

114.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding
paragraphs and incorporates them into this Count.

115.  The acts of the Defendants constitute violations of the Telephone Consumer
Protection Act.

116.  Defendants' violations of the TCPA include, but are not limited to, the following:

i.    Violations of 47 CFR 64.1200

ii.   Violations of the requirements pursuant to 47 U.S.C. § 227(c)

117.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to
an award of statutory damages of $500.00 for each such violation and an injunction
prohibiting future conduct in violation of the TCPA.

118.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT III – RHODE ISLAND DTPA

119.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

120.   Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Defendants from using unfair and deceptive practices in violation of Rhode Island

General Law § 6-13.1 *et seq*.

121.   Defendants engaged in false representation or deceptive means to obtain money from

a consumer.

122.   By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused

Plaintiff to incur charges to his personal cellular telephone plan, and depleted the

minutes available in his plan.

123.   Defendants actions were unfair to Plaintiff where Plaintiff went out of his way on

four separate occasions to tell Defendants to stop calling him and to stop the charges

from MRS to accrue to Plaintiff's cellular telephone plan.

124.   Defendants' actions or transactions are not permitted by the Rhode Island

17

department of business regulation.

125.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined by the court, and he may recover therefore pursuant to

Rhode Island General Law § 6-13.1-5.2.

126.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a

result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General

Law § 6-13.1-5.2.

127.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to RIGL § 6-13.1-5.2;
2)   Statutory Damages against Defendants in the amount of $200 for each
     violation of the Rhode Island Deceptive Trade Practices Act pursuant to
     RIGL § 6-13.1-5.2;
3)   Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4)   Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5)   Declaratory Relief that Defendants violated the Rhode Island Deceptive
     Trade Practices Act;
6)   Injunctive Relief to refer the Court's findings to the Rhode Island
     Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5,
     RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7)   Such other relief as the Court may deem just and appropriate.

## COUNT IV – RIGHT TO PRIVACY

128.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

129.   Defendants violated the restrictions the privacy statute imposes on them prohibiting

Defendants from invading Plaintiff's privacy in violation of Rhode Island General

Law § 9-1-28.1 *et seq.*

130.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

131.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
5) Such other relief as the Court may deem just and appropriate.

## COUNT V - Federal FDCPA – Abuse and Harassment

132.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

133.   Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from abusing and harassing persons.

134.   The restrictions are codified at 15 USC § 1692(d).

135.   Defendants harassed and abused Plaintiff in connection with the collection of a debt.

136.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VI - Federal FDCPA – Communication in connection with debt collection

137. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

138. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not convenient to the consumer.

139. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

140. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know the consumer told Defendants they had the wrong number.

141. The restrictions are codified at 15 USC § 1692(c).

142. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

143. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT VII - Federal FDCPA - False/Misleading Representations

144. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

20

145.   Defendants violated the restrictions the FDCPA imposes on them prohibiting them

from making false, deceptive, or misleading representations, including but not

limited to concealing the caller identity of Defendant's calls.

146.   The restrictions are codified at 15 USC § 1692(e).

147.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VIII - Federal FDCPA - Unfair Practices

148.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

149.   Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

150.   The restrictions are codified at 15 USC § 1692(f).

151.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,

     5) Referral of this Court's findings to the Federal Trade Commission,
     6) Referral of this Court's findings to the Consumer Financial Protection
       Bureau (CFPB) New England Regional Office,
     7) Referral of this Court's findings to the Rhode Island Attorney General.
     8) Such other relief as the Court may deem just and appropriate.

### COUNT IX – Federal FDCPA – Validation

152.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

153.    Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from collecting a debt when Plaintiff disputed the debt and Defendants

failed to mail Plaintiff verification of the debt.

154.    Defendants violated the restrictions the FDCPA imposes on them mandating that

Defendants provide Plaintiff a written notice within five days after initial

communication with a consumer.

155.    The restrictions are codified at 15 USC § 1692(g).

156.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

     1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
     2) Statutory Damages in the amount of $1,000 pursuant to 15 USC §
       1692k(a)(2)(A),
     3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
     4) Declaratory relief that the Defendants violated the FDCPA,
     5) Referral of this Court's findings to the Federal Trade Commission,
     6) Referral of this Court's findings to the Consumer Financial Protection
       Bureau (CFPB) New England Regional Office,
     7) Referral of this Court's findings to the Rhode Island Attorney General.
     8) Such other relief as the Court may deem just and appropriate.

### COUNT X - RI FDCPA – Communication in connection with debt collection

157.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

158.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

159.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

160.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know they have the wrong number.

161.  The restrictions are codified at RIGL § 19-14.9-5.

162.  Defendants harassed and abused Plaintiff in connection with the collection of a debt.

163.  The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2)  Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3)  Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4)  Declaratory relief that the Defendants violated the RI FDCPA,
5)  Referral of this Court's findings to the Federal Trade Commission,
6)  Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7)  Referral of this Court's findings to the Rhode Island Attorney General.
8)  Such other relief as the Court may deem just and appropriate.

### COUNT XI - RI FDCPA – Abuse and Harassment

164.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

165.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

166.   The restrictions are codified at RIGL § 19-14.9-6.

167.   Defendants harassed and abused Plaintiff in connection with the collection of a debt.

168.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XII - RI FDCPA - False/Misleading Representations

169.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

170.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

them from making false, deceptive, or misleading representations, including but not

limited to concealing the caller identity of Defendant's calls.

171.   The restrictions are codified at RIGL § 19-14.9-7.

172.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.

8)  Such other relief as the Court may deem just and appropriate.

## COUNT XIII - RI FDCPA - Unfair Practices

173.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

174.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

175.   The restrictions are codified at RIGL § 19-14.9-8.

176.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2)  Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3)  Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4)  Declaratory relief that the Defendants violated the RI FDCPA,
5)  Referral of this Court's findings to the Federal Trade Commission,
6)  Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7)  Referral of this Court's findings to the Rhode Island Attorney General.
8)  Such other relief as the Court may deem just and appropriate.

## COUNT XIV - RI FDCPA - Validation

177.   The Plaintiff reasserts the facts and allegations contained in all of thappe proceeding

paragraphs and incorporates them into this Count.

178.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from collecting a debt when Plaintiff disputed the debt and Defendants

failed to mail Plaintiff verification of the debt.

179.   Defendants violated the restrictions the RI FDCPA imposes on them mandating that

Defendants provide Plaintiff a written notice within five days after initial

communication with a consumer.

180. The restrictions are codified at RIGL § 19-14.9-9.

181. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

# EXHIBIT

# A

10/9/2020                                                    ADAD Report



# Public Utility Commission of Texas

# ADAD Report

## MRS BPO LLC

### Permit No: 090147

**Type:** ADAD
**Permit Approved Date:** 12/18/2009
**Date Last Renewed:** 12/18/2020

**DBA Names**

No DBA Records

**Contact Information**

*Company / Physical  (Mailing Address)*
MRS BPO LLC
RICK FREEDMAN
VICE PRESIDENT
1930 OLNEY AVENUE
CHERRY HILL,NJ 08003
**Web:** www.mrsbpo.com
**Email:** rick@mrsassociates.com
**Phone:** 855-385-0573
**Toll Free:** 888-334-5677

*ADAD Physical Address*
.
.
.,00 .
**Email:** rick@mrsassociates.com
**Phone:** 000-000-0000

*ADAD Physical Address*
.
.
.
.
.,00 .
**Email:** rick@mrsassociates.com
**Phone:** 000-000-0000

*ADAD Physical Address*
MRS BPO LLC
RICK FREEDMAN
701 BROOKSEDGE PLAZA DRIVE
WESTERVILLE,OH 43081
**Email:** RICK@MRSASSOCIATES.COM
**Phone:** 888-334-5677

*ADAD Physical Address*
MRS BPO LLC
RICK FREEDMAN
4930 W STATE HIGHWAY 52
SUITE 1
TAYLOR,AL 36305
**Email:** RICK@MRSASSOCIATES.COM
**Phone:** 888-334-5677

*ADAD Physical Address*
MRS BPO LLC
RICK FREEDMAN
5220 SPRING VALLEY ROAD
SUITE 408
DALLAS,TX 75254
**Email:** RICK@MRSASSOCIATES.COM
**Phone:** 888-334-5677

*ADAD Physical Address*
MRS BPO LLC
RICK FREEDMAN
1930 OLNEY AVENUE
CHERRY HILL,NJ 08003
**Email:** rick@mrsassociates.com

10/9/2020                                                                          ADAD Report

**Phone:** 855-385-0573
**Toll Free:** 888-334-5677

**Reports**

2020
**ADAD Annual Report**
**Submitted:** 8/27/2020
**Approved:** 9/1/2020

2019
**ADAD Annual Report**
**Submitted:** 8/13/2019
**Approved:** 8/27/2019

2018
**ADAD Annual Report**
**Submitted:** 5/15/2018
**Approved:** 5/24/2018

2017
**ADAD Annual Report**
**Submitted:** 9/13/2017
**Approved:** 9/22/2017

2016
**ADAD Annual Report**
**Submitted:** 10/25/2016
**Approved:** 10/27/2016

2015
**ADAD Annual Report**
**Submitted:** 11/6/2015
**Approved:** 11/19/2015

2014
**ADAD Annual Report**
**Submitted:** 10/27/2014
**Approved:** 10/31/2014

2013
**ADAD Annual Report**
**Submitted:** 11/26/2013
**Approved:** 12/3/2013

2012
**ADAD Annual Report**
**Submitted:** 9/18/2012
**Approved:** 10/4/2012

2011
**ADAD Annual Report**
**Submitted:** 8/16/2011
**Approved:** 8/22/2011

2010
**ADAD Annual Report**
**Submitted:** 8/16/2010
**Approved:** 8/24/2010

*End Report*

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]

**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I F I C A Ç Ã O

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.      **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2.      **Enviar uma mensagem de correio eletrónico para <u>interpreterfeedback@courts.ri.gov</u>, ou**

3.      **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a <u>interpreterfeedback@courts.ri.gov</u>; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

> **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័រទុយហ្គ័លនៅលើទំព័រដែលបានភ្ជាប់។

## សេចក្ដីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012–05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកម្រិត (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island នឹងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ជនចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអាណាព្យាបាលដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងសំណើការតុលាការ។ សេចក្ដីប្រកាសនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់ភាគី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បី�'t្រ្យាវាងពេលវេលាវេលអ្នកបកប្រែសម្រាប់ថ្ងៃឆ្លុះលសណាការរបស់លោកអ្នក លោកអ្នកឆ្លៃមើឺលៃៃឆ្លៃៃៃ ៖

1. ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ
2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បី�'t្រ្យាវាងពេលវេលអ្នកបកប្រែ ៖

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Fourth Floor, Room 401**
   **250 Benefit Street**
   **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានដូចខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រទុយហ្គ័ល រុស្ស៊ី និងអេស្ប៉ាញ រួមទាំងលេខ្ទូៃទម្រង់បែបបទឯកសារការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយឯៀ្បៀ៖ៀ សូមស្នើសុំមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ រាជការចាំចាប់ដែលគ្រូ្មានអ្នកនិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូលស័ព្ទចូលមក

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឱ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

---

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.   **Call the Office of Court Interpreters at (401) 222-8710, or**

2.   **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3.   **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

> **The name and number of your case**
> **The language you are requesting**
> **The date and time of your hearing**
> **The location of your hearing**
> **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903