```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
CHRISTOPHER LACCINOLE,             )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 20-475 WES
                                   )
MRS BPO, LLC,                      )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge

Plaintiff Christopher Laccinole brings fourteen claims against MRS BPO, LLC seeking damages and injunctive relief for allegedly harassing debt collection calls.[1] Before the Court are cross-motions for summary judgment, ECF Nos. 10, 16, and two additional motions by Plaintiff: Motion in Limine to Prevent Defendant from Offering Testimony or Evidence Contrary to the Admitted Requests for Admissions, ECF No. 13, and Motion to Strike, ECF No. 20. Finally, in his Objection to Defendant's Cross-Motion for Summary Judgment, Plaintiff asks for additional discovery

---

[1] Specifically, he brings claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA); the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA); the Rhode Island Fair Debt Collection Practices Act, R.I. G.L. § 19-14.9 et seq. (RI FDCPA); the Rhode Island Deceptive Trade Practices Act R.I. Gen. Laws § 6-13.9 (RI DTPA); the Rhode Island Right to Privacy Statute R.I. Gen. Laws § 9-1-28.1.

pursuant to Rule 56 (d) of the Federal Rules of Civil Procedure, should the Court reject his argument that the entirety of his state court requests for admissions are deemed admitted by Defendant's failure to answer. See Plaintiff's Objection to Cross-Motion for Summary Judgment ("Pl.'s Obj.") at 9-10, ECF No. 17.

For the reasons stated below, Plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED, and his request for limited additional discovery, see ECF No. 17, is GRANTED in part. Therefore, Defendant's Cross-motion for Summary Judgment, ECF No. 16, is DENIED in part without prejudice to refiling and GRANTED in part. Plaintiff's Motion in Limine, ECF No. 13, and Motion to Strike, ECF No. 20, are DENIED as MOOT.

I. Plaintiff's Requests for Admissions

Prior to removal, Plaintiff filed requests for admissions in Washington County Superior Court. See State Discovery Requests, ECF NO. 12-1. He argues these discovery requests revived automatically after the conference held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and a new clock began to run. Pl.'s Obj. at 2. Since Defendant never answered his requests for admissions, he contends, all requested admissions must be deemed admitted and taken as conclusive evidence by operation of Rule 36 of the Federal Rules of Civil Procedure. Pl.'s Mem. Law Supp. Pl.'s Mot. Summ. J. 2, ECF No. 10-1.

Plaintiff's argument fails. The "vast majority of courts" to address the question have concluded that "requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal." Steen v. Garrett, No. 2:12-cv-1662, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013) (collecting cases). See also Hayes v. Tyson Foods, Inc., No. 18-CV-1324-EFM-ADM, 2019 WL 2473830, at *2 n.2 (D. Kan. June 13, 2019); Osborne v. Billings Clinic, No. CV 14-126, 2014 WL 6769752, at *2 (D. Mont. Dec. 1, 2014); Sterling Sav. Bank v. Fed. Ins. Co., 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012). Requests served in state court are not merely held in abeyance pending the Rule 26(f) conference, as Plaintiff would have it, but rather rendered "null and ineffective" after removal. Billings Clinic, 2014 WL 6769752, at *2, (citing Riley v. Walgreen Co., 233 F.R.D. 496, 499 (S.D.Tex.2005) and Steen, 2013 WL 1826451, at *3).

As many courts have noted, this interpretation comports with the plain language of Rule 26(d)(1), which states that a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1); See, e.g., Billings Clinic, 2014 WL 6769752 at *2; Steen, 2013 WL 1826451, at *3. Because discovery requests are not injunctions, orders, or proceedings of a state court, this interpretation also agrees with a plain reading of 28 U.S.C. § 1450

("All injunctions, orders, and other proceedings had in [a state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").  See Billings Clinic, 2014 WL 6769752, at *2 (citing Sterling Sav. Bank, 2012 WL 3143909, at *2).

Even in the leading case to the contrary, Mann v. Metropolitan Life Insurance Co., No. 99-CV-36, 1999 WL 33453411 (W.D. Va. July 9, 1999), the District Court ultimately exercised discretion and refused to deem the requests admitted.  Cf. Ostrzenski v. Seigel, 177 F.3d 245, 252 (4th Cir.1999) (noting "federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities" (citation and quotation omitted)). This Court finds the reasoning in the clear weight of authority compelling and holds that removal renders pending state-case discovery requests null and void.  Such requests must be refiled after a conference pursuant to Rule 26(f).

Because the entirety of Plaintiff's factual record at summary judgment consists of these purported admissions, his Motion for Summary Judgment must be and is DENIED.

II. Plaintiff's Request for Additional Discovery Pursuant to Rule 56(d)

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify

its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." If the party's inability to "adduce the facts essential to opposing summary judgment" is due to incomplete discovery, the explanation must: "(i) 'show good cause for the failure to have discovered the facts sooner'; (ii) 'set forth a plausible basis for believing that specific facts ... probably exist'; and (iii) 'indicate how the emergent facts ... will influence the outcome of the pending summary judgment motion.'" In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (quoting Resol. Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

The Court finds that on these facts, a pro se litigant's misunderstanding of a finer point of civil procedure constitutes good cause for failing to conduct additional discovery. Cf. Brown v. Selwin, 250 F. Supp. 2d 299, 306 (S.D.N.Y. 1999) ("Although the same standards apply when a pro se litigant is involved, the pro se litigant should be given special latitude in responding to a summary judgment motion." (internal citations and quotations omitted)), aff'd, 29 F. App'x 762 (2d Cir. 2002). As noted above, cases are better resolved on their merits then on a technicality of procedure.

With one exception, however, Plaintiff's request to reopen discovery falls short at the second and third requirements. His

broad statement that he "believes that additional facts exist and can be retrieved within a reasonable time; and these facts will suffice to defeat the pending summary judgment motion" is a threadbare recital of the legal standard. Pl.'s Obj. 10.  It does not show a plausible basis for believing that the specific facts needed to stave off summary judgment probably exist.  It fails to articulate how any specific areas of discovery would influence analysis of Defendant's summary judgment motion.  This is especially true for those counts alleged under the FDCPA and its state-law corollary, which appear to rest on two phone calls made within two days of Plaintiff's cease-and-desist letter being delivered to Defendant.

The exception to this general insufficiency lies in Plaintiff's discussion of whether Defendant used an automatic telephone dialing system (ATDS).  While Defendant has put forth evidence that its system is not an ATDS, and summary judgment could well be appropriate on the question later, Plaintiff has identified this question as a specific factual dispute for further discovery. Pl.'s Obj. at 9-11.  Furthermore, the first two counts of Plaintiff's claims hinge on whether the system used by Defendant constitutes an ATDS.  Therefore, the Court orders that Plaintiff may pursue discovery pertaining to the question of whether Defendant used an ATDS to call him and other discovery necessary to support Counts I and II of his complaint.

III.   Conclusion

Defendant's Cross-motion for Summary Judgment, ECF No. 16, is DENIED without prejudice for those claims that depend on the use of an ATDS (Count I, II) and GRANTED for all remaining counts. Plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED. Plaintiff's Motion to Strike, ECF No. 20, and Motion in Limine, ECF No. 13 are DENIED as MOOT.

IT IS SO ORDERED.

/s/ WESmith

William E. Smith
District Judge
Date:   September 29, 2021